UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY WEBB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAISER (FREMONT); CAL VICTIMS PROGRAM; SOCIAL SERVICES,<br><br>　　　　Defendants. | Case No. 13-cv-04654 NC<br><br>**ORDER GRANTING SECOND IFP APPLICATION AND DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 8, 10 |

Before the Court is pro se plaintiff Tracy Webb's second amended complaint and her second application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. Nos. 8, 10. Webb has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. No. 4. The Court GRANTS Webb's second IFP application and DISMISSES her second amended complaint WITHOUT LEAVE TO AMEND on the grounds that it lacks a basis for federal subject matter jurisdiction, fails to state a claim upon which relief can be granted, and is frivolous under 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

Webb initiated this case by filing a form complaint, alleging that her rights were violated "in many different areas," which appeared to include denial of unspecified services "from Kaiser facilities," mistreatment by a doctor based on inappropriate touching, and

Case No. 13-cv-04654 NC
ORDER DISMISSING SECOND
AMENDED COMPLAINT

allegations that she was discriminated "as an African American woman" without specifying the discriminatory conduct or the person(s) responsible for the discrimination. Dkt. No. 1 at 3-4. Throughout her complaint, Webb also referred to certain health issues that may be related to having been a victim of a gun shot in 1989. *Id.* The form complaint listed three defendants–Kaiser, "Cal Victims Program," and "Social Services." *Id.* at 1-2.

After filing the complaint, Webb filed another pleading consisting of one handwritten and two typed pages titled "Police (Pugnacious) Brutality." Dkt. No. 5. The pleading stated: "This is concerning the rest of my case. I would like this to be added concerning health issues and my life." *Id.* at 1. In this supplemental pleading, Webb stated that "[t]here's been several times [she has] been discriminated against from different areas of [her] life. Medically, Physically, and Verbally." *Id.* Webb appeared to allege that she was discriminated against by unidentified police officers, who have not been named as defendants, "years ago" and "on 10/14/2013." *Id.* at 3. She also alleged that she was denied medical services and/or "wasn't seen correctly" by Kaiser, and was physically abused by a doctor. *Id.* The Court considered the original complaint, Dkt. No. 1, together with the supplemental pleading, Dkt. No. 5, as constituting Webb's first amended complaint. Dkt. No. 7 at 3:25-4:3.

On January 7, 2014, the Court issued an order dismissing Webb's first amended complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous, lacking a basis for federal subject matter jurisdiction, and failing to state a claim upon which relief can be granted. Dkt. No. 7. The Court gave Webb leave to amend her complaint, and denied her IFP request without prejudice to refiling it. *Id.* The Court cautioned Webb that, if she decides to amend her complaint, she must do so in accordance with the pleading rules from the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) (complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief"); 10(b) (requiring a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances).

Case No. 13-cv-04654 NC
ORDER DISMISSING SECOND
AMENDED COMPLAINT                                2

Webb timely filed a second amended complaint and filed her second IFP application. Dkt. Nos. 8, 10. The second amended complaint, consisting of seven handwritten pages that do not contain numbered paragraphs, continues to name as defendants "Kaiser (Fremont)," "California Victims Program," and "Social Services." Dkt. No. 8.

Webb alleges that she "was treated very unfairly at the Kaiser facility in Fremont" which includes being hurt by a doctor by touching, being told she has to leave the property and being denied services on the grounds of discrimination. *Id.* at 1-2. Webb alleges that she was housed by "California, Victims Program & Social Services" "in different environments" where she was abused, and that she can "go on with a lot of areas from being housed & being physically attacked." *Id.* at 3-6. Webb claims that she "was sent to these different housing areas from Social Services being told these areas are safe" and that she "will be able to get the help [she] need[s]," and that this "was not a true statement." *Id.* at 6. Finally, Webb alleges that on October 14, 2013, she was "physically attack [sic] by and [sic] officer in the broad daylight and drag [sic] into a police car." *Id.*

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." A district court must dismiss the complaint of an IFP applicant if it determines that the complaint is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). A complaint is frivolous for purposes of 28 U.S.C. § 1915 if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id.* at 324.

Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Franklin v. Murphy*, 745

Case No. 13-cv-04654 NC
ORDER DISMISSING SECOND
AMENDED COMPLAINT
3

F.2d 1221, 1228 (9th Cir. 1984). In most cases, original federal subject jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332.

District courts also have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B), the pro se litigant "must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. DISCUSSION

Webb has shown in her IFP application, Dkt. No. 10, that she is unable to pay the filing fee required to file a complaint in district court. However, her second amended complaint must be dismissed because it does not cure the deficiencies identified in the Court's previous order of dismissal. As with her first amended complaint, the allegations of Webb's second amended complaint do not demonstrate a basis for either diversity or federal question jurisdiction. Webb fails to identify any legal basis for her claims and fails to allege

any facts that would support an actionable federal claim. Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Webb's second amended complaint for lack of subject matter jurisdiction, and because it is frivolous and fails to state a claim upon which relief can be granted. Because Webb has failed to remedy the deficiencies previously identified, the Court dismisses her second amended complaint without further leave to amend.

## IV. CONCLUSION

The Court GRANTS Webb's second IFP application and DISMISSES her second amended complaint WITHOUT LEAVE TO AMEND on the grounds that it lacks a basis for federal subject matter jurisdiction, fails to state a claim upon which relief can be granted, and is frivolous under 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Date: April 21, 2014

Nathanael M. Cousins
United States Magistrate Judge